**Jackie M. LEONARD, Appellant,**

v.

**Thomas J. PARRISH, III, et al., Ritchie LaVerne Kurschner, Respondents.**

No. C5-88-1842.

Court of Appeals of Minnesota.

Feb. 21, 1989.

Thomas J. Lyons, Paul J. Phelps, St. Paul, for appellant.

Paul A. Joyce, Jr., St. Paul, for Thomas J. Parrish, III, et al., respondents.

Robert E. Salmon, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Ritchie LaVerne Kurschner, respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and STONE,* JJ.

## OPINION

FORSBERG, Judge.

Based on the repeal of the future discount damage statute, Minn.Stat. § 604.07 (1986), Jackie Leonard appeals her damage award. We affirm.

## FACTS

The action stems from a traffic accident in which the appellant, Jackie Leonard, was injured. The accident occurred on September 13, 1984. In October 1984, Leonard commenced an action for personal injuries against the drivers, respondents Thomas Parrish and Ritchie Kurschner. The trial began in March 1987, and on April 8, 1987, the jury returned a verdict awarding damages to Leonard. After the verdict was returned, the trial court discounted future damages to present value as required by Minn.Stat. § 604.07 (discount statute). The trial court denied Leonard's post-trial motions. For unknown reasons, the Ramsey County District Court Administrator did not enter the judgment until June 10, 1988.

On July 17, 1987, Leonard appealed to this court from the order denying her motion for a new trial. We affirmed the trial court's ruling in all respects. *See Leonard v. Parrish*, 420 N.W.2d 629 (Minn.Ct.App. 1988). The 30-day limit for filing a petition for further review with the Minnesota Supreme Court expired on April 7, 1988. *See* Minn.R.Civ.App.P. 117, subd. 1.

Leonard served notice of taxation of costs and disbursements on April 12, 1988.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

The law repealing the discount statute went into effect on April 13, 1988. *See* 1988 Minn. Laws ch. 503, § 5. On June 27, 1988, counsel for Kurschner forwarded a draft in the amount of $11,245.66, representing Kurschner's share of the judgment, together with a satisfaction of judgment. On July 5, 1988, Leonard's counsel advised counsel for Parrish and Kurschner that she would seek to amend the findings on the basis of the repeal of the discount statute. On July 27, 1988, the trial court denied Leonard's motion to amend findings of fact, conclusions of law, and order for judgment. This appeal followed. Leonard also appeals from the judgment entered on June 10, 1988.

## ISSUE

Did the trial court err in concluding that this case was not "pending" when the repeal of the discount statute went into effect?

## ANALYSIS

The merits of this case were tried in March and April 1987. The law in effect at the time of trial provided that damages for personal injury be discounted to present value. Minn.Stat. § 604.07 (1986). The state legislature repealed this discount statute, effective April 13, 1988. *See* 1988 Minn. Laws ch. 503, § 5. The repealer applied "to all cases pending or brought on or after that date." *Id.,* § 6.

Leonard argues that the exhaustion of her avenues of appeal prior to April 13, 1988, affects only the denial of her motion for a new trial. That is, because she appealed to this court from the denial of her motion for a new trial, and not from the final judgment (which was not entered until June 10, 1988), her case is still pending. Leonard stresses that issues appealable from a motion denying a new trial and from a judgment are different. *See Stanger v. Gordon,* 309 Minn. 215, 217, 244 N.W.2d 628, 629 n. 1 (1976).

This case is distinguishable from *Stanger* because all the issues reviewable from the judgment have already been raised and addressed on appeal from the order denying Leonard's motion for a new trial. Long before the ministerial task of actually entering the judgment, there had been an adjudication on the merits of the case, and Leonard had exhausted her avenues of appeal. *See Leonard v. Parrish,* 420 N.W.2d 629 (Minn.Ct.App.1988).

It is true that "[t]he time to appeal from any other judgment entered pursuant to Rule 54.02 shall not begin to run until the entry of a judgment which adjudicates all the claims and rights and liabilities * * *." Minn.R.Civ.App.P. 104.01. Technically, Leonard can appeal from the judgment. Nevertheless, the merits of her case were fully litigated before the jury, and the trial court correctly applied the law in existence at the time the judgment was rendered. Upon denial of her post-trial motions, Leonard pursued fully the issues on appeal. She did not file a petition for further review, and instead served notice for taxation of costs and disbursements. Only after one of the defendants below (Kurschner) had taken measures to satisfy his portion of the judgment did Leonard move to modify a judgment that had been rendered under the discount statute.

Leonard relies on the language of a recent unpublished opinion in which this court discussed the issue of "pending." However, in a footnote this court states:

> We note that the legislation did not specify in detail every possible type of case that would be "pending" for purposes of this repealer. For instance, the legislation did not define "pending" as including only pretrial matters or matters pending resolution on appeal. However, by making the effective date of the repealer April 13th (mid-session) rather than August 1st, and by stating that the repealer applies to not just cases brought on or after the effective date of the legislation but applies to all cases pending as to the date of passage, the legislature sent a clear message that the discounting of future damages was to end immediately and was to affect as few plaintiffs with unresolved causes of action as possible. Thus, we determine that the repealer statute applies to this

case which was pending before this court on April 13, 1988.

*Riley v. Home Insurance Co.*, (Unpublished Opinion C4–87–1997) (Minn.Ct.App. May 11, 1988), at 4 n. 2 [1988 WL 44782]. The language quoted interprets the intent of the legislature to "affect as few plaintiffs with *unresolved causes of action* as possible." *Id.* (emphasis added). In the present case, Leonard cannot argue her cause of action was unresolved as of April 13, 1988. The case had been fully litigated before the jury, judgment had been ordered, the merits of the case had been argued on appeal and resolved, and all other avenues of appeal had been forfeited. Based on the facts of this case, it cannot be said that Leonard belongs to the class of plaintiffs the legislature intended to benefit by means of the repealer.

## DECISION

The trial court correctly determined that this case was not pending at the time the discount statute was repealed.

AFFIRMED.